# THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| In Re the Application of : | Civil Action File No: 23-1712 |
| Dale Harvey,<br>　　　　Petitioner/Plaintiff,<br><br>v.<br><br>Garann Rose Means<br>　　　　Respondent/Defendant. | Petition/Complaint For the Return of Children |

## I. INTRODUCTION

1. The Petitioner/Plaintiff Dale Harvey ("Mr. Harvey" or "Petitioner") a citizen of Scotland, brings this action to secure the return of his two daughters, Z▅▅ U▅▅ H▅▅-M▅▅ (herein after "Z") aged 5 and E▅▅ K▅▅ H▅▅-M▅▅ (hereinafter "E") aged 4 (together "children", individually "child") who were without petitioner's consent or acquiescence, and in violation of Court orders from the Court in Scotland, United Kingdom ("U.K"), wrongfully removed from Scotland, and brought to the Western District of Washington by the children's mother, Respondent/Defendant Garann Rose Means ("Ms. Means" or "Respondent")

Petition/Complaint

Page 1

FLEXX LAW, P.S.
14205 SE 36th Street, Suite 100, PMB 479
Bellevue, WA 98006
(206) 343-6362
maggie@flexxlaw.com

2. This Petition is filed pursuant to the 1980 Convention on the Civil Aspects of International Child Abduction (the Hague Convention or the Convention) and the International child Abduction Remedies Act ("ICARA"). A copy of the Hague Convention is attached as **Exhibit A**. The Hague Convention came into effect in the United States of America on July 1, 1988, and has been ratified between, among other contracting states, United States of America and United Kingdom (Scotland being part of the United Kingdom), see **EXHIBIT B,** (the last page containing RESERVATIONS NOTIFICATIONS from USA and UK).

3. The objects of the Hague convention are:

Article 1(a): To secure the prompt return of children wrongfully removed to or retained in any Contracting State; and

Article 1(b) To ensure that rights of custody and access under the law of one Contracting State are effectively respected in other Contracting States

4. The Hague Convention authorizes a federal district court to determine the merits of a claim for the wrongful removal or retention of a child. It does not, however, permit the district court to consider the merits of any underlying custody dispute, see Article 16.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction over this case pursuant to 42 U.S.C. section 11603(a) (jurisdiction under the Hague Convention) and 28 U.S.C section 1331 (federal question jurisdiction).

Venue is proper pursuant to 42 U.S.C. section 11603 and 28 U.S.C. section 1391(b) because Petitioner believes that the Respondent is most likely residing with the children at or near her mother's residence in Seattle. The mother's address is: at 8844, 18th Southwest Avenue, Southwest, Seattle, Washington. It is possible, although it presently appears unlikely to the Petitioner, that she may be living in Bow, WA, with her father.

Petition/Complaint

Page 2

FLEXX LAW, P.S.
14205 SE 36th Street, Suite 100, PMB 479
Bellevue, WA 98006
(206) 343-6362
maggie@flexxlaw.com

### III. STATEMENT OF FACTS

6. The Petitioner and the Respondent are both the parents of the children. The Petitioner and Respondent are separated and in the process of a divorce action which commenced on or about 28th April 2023 when Respondent served Petitioner.

7. At all times during the lives of the children, the parents have resided with the children in Glasgow, Scotland, either together or, since separation, in separate dwellings.

8. Since about 11th February 2020 (before the divorce action) the parents have been in litigation in family court in Scotland concerning custody, parenting, location of schools, and access to the children.

9. In 2017 Z was born in Glasgow Scotland. A copy of the birth certificate is attached as Exhibit C to the Declaration of Dale Harvey filed herewith.

10. In 2019 E was born in Glasgow Scotland. A copy of the birth certificate is also Exhibit C to the Declaration of Dale Harvey, filed herewith.

11. At all times during the lives of the children (until the time of the abduction of the children by Respondent which is the subject of this Petition), the parents have resided with the children in Glasgow, Scotland.

12. The children attended daycare/nursery (E▮▮▮▮) and school (Z▮▮▮)in Glasgow Scotland at the time of their wrongful taking by the Respondent.

13. At all times during the children's lives the petitioner has continued to exercise his parental rights and maintained his relationship with the children. After the abduction by the Respondent, the Petitioner still tries to exercise said rights and relationship but is prevented by the abduction and Respondent's denial of access to the children from doing so. A copy of emails between Respondent and Petitioner are attached to the Declaration of Dale Harvey filed herewith, EXHIBIT M and 1.

Petition/Complaint

Page 3

FLEXX LAW, P.S.
14205 SE 36th Street, Suite 100, PMB 479
Bellevue, WA 98006
(206) 343-6362
maggie@flexxlaw.com

14. In February 2020 the Respondent sought a residence order and permission to relocate with the children to Seattle, from the court in Glasgow, Scotland. Judgement was issued on 12th August 2022, EXHIBIT C to the declaration of Karen Gailey filed herewith. Relocation was refused and the Petitioner and Respondent were awarded a joint residence order (50/50 residential time). This was followed by a further order of 13th September, 2022, EXHIBIT I to the said declaration of Karen Gailey. Interdict against Respondent was granted prohibiting Respondent from removing the children from stated school and nursery in Glasgow Scotland without the express consent of the father varying the August 12, 2022 "residence order" to accommodate holidays and vacations. "Otherwise the usual pattern of contact will operate in accordance with the sheriff's judgment of 12 August 2022". Respondent appealed said orders to the Sherrif appeal court in Glasgow Scotland. Her appeal was refused, see appeal order, EXHIBIT K to the declaration of Karen Gailey filed herewith.

15. The children were wrongfully removed from Scotland sometime between September 29th and 4th October 2023. The children were due to return to Petitioner when the school and nursery finished at 3pm on 4th October, 2023. However, on Wednesday the 4th October, 2023 Respondent had kept the children out of school and nursery since October 2nd. Her explanation was that the children were ill.

16. At about 7:30 am on October 4th, 2023 Petitioner received an email from Respondent stating that he would not be able to collect the children that day. When the petitioner spoke to Respondent by telephone she told him that she had taken the children to Seattle.

17. Respondent has made it clear in her telephone contact with Petitioner, her emails and online (LINKED IN) presence that, despite the various orders of the Scottish Court in relation to the children, she intends to remain with the children in Seattle.

18. At the time of Respondent's said departure from Scotland and wrongful removal of the children, numerous court hearings were scheduled in the litigation between the Respondent and Petitioner to take in the Scottish court.

19. Petitioner has never consented or acquiesced in the removal of the children's residence from Scotland, the children's habitual residence.

Petition/Complaint

Page 4

FLEXX LAW, P.S.
14205 SE 36th Street, Suite 100, PMB 479
Bellevue, WA 98006
(206) 343-6362
maggie@flexxlaw.com

20. Petitioner's Request for Return for the Children was submitted to the United States Department of State through the Scottish Central Authority in the United Kingdom (UK). A copy of the Petitioner's Requests for Return, are exhibited as EXHIBIT A and B to the declaration of Dale Harvey, submitted herewith. Accompanying documents delivered to the Department of State, are listed by Dale Harvey in his said declaration where he references them as exhibits to his declaration and the declaration of Karen Gailey, also filed herewith.

21. The Scottish Central Authority (Scotland being part of the United Kingdom) contacted the USA Central Authority (Department of State) which offers advice to the left behind parent. The USA Central Authority has offered assistance to find the children but to date has only found a mailing address for respondent (being that of her mother in Seattle). See copy of emails between the Central Authority to Petitioner's attorney EXHIBIT Z to the declaration of Dale Harvey. Petitioner has asked the Respondent by email where the children are but has not received an answer See EXHIBIT 1 to the said of Dale Harvey.

22. Petitioner has done all that he can to seek the return of his children to Scotland, their habitual residence.

23. The Respondent has mental health issues. She has experienced suicidal ideation in the past and after the said abduction of the children she sent an email to the petitioner stating that if she had not been able to come to Seattle, she would have committed suicide. EXHIBIT M page 10 to the declaration of Dale Harvey. The Petitioner and his Scottish attorney Karen Gailey, have concerns over the welfare of the children especially if Respondent feels desperate. Their declarations are submitted herewith for consideration on this mental health issue and other issues involved in this Return request to this court.

24. The Respondent has a history of litigious behavior and an unwillingness to accept orders of the court in Scotland. Her removal of the children from Scotland is in direct violation Scottish orders. See declaration of Petitioner's Scottish attorney Karen Gailey.

## IV. WRONGFUL REMOVAL AND RETENTION OF CHILDREN BY RESPONDENT: CLAIM FOR RELIEF UNDER THE HAGUE CONVENTION

Petition/Complaint

Page 5

FLEXX LAW, P.S.
14205 SE 36th Street, Suite 100, PMB 479
Bellevue, WA 98006
(206) 343-6362
maggie@flexxlaw.com

25. As set forth above, on or about September 29th to October 4th 2023 Respondent wrongfully removed the children within the meaning of Article 3 of the Convention and continues to wrongfully retain the children in the State of Washington, United States in violation of Article 3. The petitioner wants to have his children returned to Scotland which was their habitual residence and the time of the wrongful removal and remains so.

26. Petitioner has never acquiesced or consented to the removal of the children from Scotland to the United States.

27. The Respondent's removal of the children from Scotland is in direct violation of the orders of the court in Scotland referenced above.

28. Respondent's removal and retention of the children is wrongful within the meaning of Article 3 of the Convention because:

(a) It is in violation of petitioner's rights of custody as established by Scottish law. See the declaration of Scottish attorney Karen Gailey submitted herewith. Specifically, Respondent's removal and retention of the children is in violation of Petitioner's right as a physical custodian to determine the children's place of residence. See Hague Convention, Art. 5(a) (defining "rights of custody" under Article 3 to include "in particular, the right to determine the child's place of residence"); the wrongful removal is also in direct violation of the afore stated orders of the Scottish court denying Respondent's request to relocate the children's residence from Scotland to Seattle and in violation of orders relating to the location of the children's school/nursery in Scotland and pick up and drop off times and locations in Scotland. See the declaration of Scottish attorney Karen Gailey submitted herewith.

(b) At the time of the children's removal from Scotland, petitioner was actually exercising his rights of custody within the meaning of Articles 3 and 5 of the Convention and, but for Respondent's removal and retention of the children, petitioner would have continued to exercise those rights;

(c) The children were habitually resident with Petitioner is Scotland within the meaning of Article 3 of the Convention immediately before the removal and retention by Respondent.

Petition/Complaint

Page 6

FLEXX LAW, P.S.
14205 SE 36th Street, Suite 100, PMB 479
Bellevue, WA 98006
(206) 343-6362
maggie@flexxlaw.com

29. Respondent is presently wrongfully retaining the children in the State of Washington, United States of America.

30. It is believed by Petitioner that the Respondent is very likely keeping the children either at her mother's residence or nearby to her residence in Seattle It is currently believed by petitioner that it is less likely that they children are being kept by Respondent at her father's residence in Bow, Washington.

31. The children are now 5 and 4 years old. The Hague Convention applies to children under sixteen years of age (16 and thus applies to both children.)

32. This petition is filed less than one year from Respondent's wrongful removal of the children. Petitioner has never consented or acquiesced to respondent's wrongful removal or retention of the children.

## V. NOTICE OF HEARING AND PROVISIONAL REMEDIES

### (42 U.S.C. 11603 (c)

33. Pursuant to 42 U.S.C. section 11603(c) respondent shall be given notice of these proceedings in accordance with the laws governing notice in interstate child custody proceedings.

## VI. PROVISIONAL REMEDIES

### (42 U.S.C. Section 11604 and Hague Convention, Article 2 and 7; Fed R. Civ. P. 65 and LCR 65)

34. Petitioner requests that this Court issue an immediate order restraining Respondent and her father and mother from acting in concert with her from removing the children from the jurisdiction of this Court, and a warrant seeking immediate custody of the children, directing any United States Marshal or other law enforcement officer to locate and take physical custody of the children and

Petition/Complaint

Page 7

FLEXX LAW, P.S.
14205 SE 36th Street, Suite 100, PMB 479
Bellevue, WA 98006
(206) 343-6362
maggie@flexxlaw.com

transfer to the temporary custody of the Petitioner pending final decision on the merits of this Petition/Complaint and other evidence before the Court, and directing said marshal/officer to bring the respondent to this Court for the next scheduled hearing and serve respondent with all of Petitioner's filings in this Court and any Court order. Petitioner also asks this Court to schedule an expedited hearing on the merits of this Petition. Petitioner requests that this immediate restraining order be issued ex parte without notice to respondent to prevent immediate and irreparable injury loss or damage to the children and Petitioner.

35. Petitioner's EX PARTE MOTION UNDER 1980 HAGUE CONVENTION FOR TRO, WARRANT SEEKING PHYSICAL CUSTODY OF CHILDREN AND SCHEDULING EXPEDITED HEARING AND OTHER RELIEF, together with supporting brief and proposed order is filed with this Petition and incorporated herein as if fully set out herein.

## VI. ATTORNEYS FEES AND COSTS

### (42 U.S.C. 11607)

36. To date the petitioner has incurred attorney fees and costs as a result of the wrongful removal and retention of the children by Respondent.

Petitioner respectfully requests that this Court award him all costs and fees and transportation costs and lodging costs, incurred as required by 42 U.S.C. Section 11607

## VIII. RELIEF REQUESTED

37. **Wherefore** the petitioner prays for the following relief:

(a) An immediate temporary restraining order prohibiting the removal of the children from the jurisdiction of this Court pending a final hearing on the merits of this Petition and further providing that no person acting in concert or participating with Respondent shall take any

Petition/Complaint

Page 8

FLEXX LAW, P.S.
14205 SE 36th Street, Suite 100, PMB 479
Bellevue, WA 98006
(206) 343-6362
maggie@flexxlaw.com

action to remove the children from the jurisdiction of this Court pending a determination on the merits of the Petition.

(b) To protect the children from potential harm from the Respondent, a warrant seeking immediate physical control of the children, directing any United States Marshal or other law enforcement officer to locate the children and deliver them to the physical custody of the petitioner pending a final determination on the merits of the Petition.

(c) An order that the said Marshal or other law enforcement officer serve copies of all documents filed in this action upon the Respondent and shall, at the earliest opportunity, file a declaration of service in this Court.

(d) The scheduling of an expedited preliminary injunction hearing; and an order that Respondent show cause why the provisional pretrial relief requested by petitioner in ex parte hearing should not continue to a final hearing/trial ; and order that trial of the action on the merits be accelerated with an accelerated case schedule to comply with the expeditious proceedings requirement of Article 11 of the Hague Convention.

(e) A final judgment in Petitioner's favor establishing that the children shall be returned to Scotland where the Scottish courts have jurisdiction over the children.

(f) An order requiring respondent pay Petitioner's expenses and costs, including, not limited to transportation costs, and hotel/motel costs, attorney fees and costs under 42 U.S.C section 11607, such expenses and costs to be resolved via a post-judgment motion, consistent with the procedure outlined under Local rule 54 (d).

(g) For any such relief as may be deemed just and appropriate under the circumstances of the case.

Dated this 7 day of November, 2023

FLEXX LAW, PS

_____

Marguerite C. Smith WSBA# 16438

Attorney for Petitioner

Petition/Complaint

Page 9

FLEXX LAW, P.S.
14205 SE 36th Street, Suite 100, PMB 479
Bellevue, WA 98006
(206) 343-6362
maggie@flexxlaw.com

I declare under penalty of perjury under the laws of the State of Washington that the foregoing facts are true and correct. Signed this _6th_ day of _November_ 2023 at _Seattle_ (city) _Washington, USA_ Country.

_____
Dale Harvey

Petition/Complaint

Page 10

FLEXX LAW, P.S.
14205 SE 36th Street, Suite 100, PMB 479
Bellevue, WA 98006
(206) 343-6362
maggie@flexxlaw.com