UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DALE HARVEY, | CASE NO. 2:23-cv-1712 |
| Petitioner, | ORDER |
| v. | |
| GARANN ROSE MEANS, | |
| Respondent. | |

## 1. INTRODUCTION

This matter comes before the Court on Petitioner Dale Harvey's motion to seal several exhibits. Because maintaining these exhibits under seal protects the legitimate privacy interests of Respondent Garann Rose Means and Harvey and Means's children, the Court GRANTS Harvey's motion.

## 2. BACKGROUND

Harvey petitions for the return of his children under the Hague Convention on the Civil Aspects of International Child Abduction ("Convention") and the International Child Abduction Remedies Act (ICARA). In support of his petition, Harvey filed two declarations: one by the lawyer who represented him during child

ORDER - 1

custody proceedings in Scotland, and one by Harvey himself. Harvey seeks to seal a few exhibits attached to these declarations; specifically, psychological reports (Dkt. Nos. 3-1; 3-2), copies of Harvey and Means' children's passports (Dkt. No. 5-1), and photos of the children (Dkt. No. 5-2).

### 3.  DISCUSSION

#### 3.1  Legal standard.

"There is a strong presumption of public access to the court's files." LCR 5(g). A motion to seal a document must include: "[a] certification that the party has met and conferred with all other parties[,]" and explored other alternatives, and "[a] specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: . . . the legitimate private or public interests that warrant the relief sought; . . . the injury that will result if the relief sought is not granted; and . . . why a less restrictive alternative to the relief sought is not sufficient[.]" LCR 5(g)(3)(A)-(B). "[T]he court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (cleaned up). "[Litigants] who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Id.* at 1180.

This District recognizes that "the need to protect medical privacy qualifies as a 'compelling reason' to grant a motion to seal[.]" *Moeglein v. Prudential Ins. Co. of Am.*, 2017 U.S. Dist. LEXIS 201800, *2 (quoting *Karpenski v. Am. Gen. Life*

*Companies, LLC*, 2013 WL 5588312, at *1 (W.D. Wash. Oct. 9, 2013)); *see also C.F. v. Lashway*, 2017 U.S. Dist. LEXIS 69218, *5 (granting a motion to seal documents "contain[ing] personal and healthcare-related information whose disclosure would infringe on the privacy interests of the individuals named in the documents.").

This District also recognizes the strong privacy interests of minor children. *See* LCR 5.2(a)(2) ("Parties shall refrain from including, or shall partially redact where inclusion is necessary, the . . . [n]ames of [m]inor [c]hildren – redact to the initials, unless deceased or currently over the age of 18"); *see also United States v. Gomez-Marentes*, No. CR20-0092-JCC-19, 2022 WL 2805614, at *1 (W.D. Wash. July 18, 2022) (sealing an exhibit that contained photos of a criminal defendant's minor children).

**3.2    There are compelling privacy reasons to seal the exhibits at issue.**

The psychological reports at issue (Dkt. Nos. 3-1; 3-2) clearly implicate important privacy interests because they contain personal medical information in which the public has little interest. On balance, the compelling privacy reasons outweigh the public's interest in an unsealed exhibit.

Similarly, sealing the copies of Harvey and Means's children's passports (Dkt. No. 5-1) and photos of the children (Dkt. No. 5-2) serves a compelling privacy interest of protecting minor children and there are no less restrictive alternatives to protect the interest.

**3.3  The exhibits do not need to be ex parte sealed.**

Harvey filed Dkt. Nos. 3-1, 3-2, 5-1, and 5-2 under ex parte seal, meaning the docket entries are unavailable to the public and the contents are kept from the opposing party. The Court finds no reason to keep these exhibits under the ex parte seal category. Therefore, the Court orders the Clerk to revise the Dkt. Nos. 3-1, 3-2, 5-1, and 5-2 to remain under seal, but not ex parte seal. The Court further orders Harvey to serve copies of Dkt. Nos. 3-1, 3-2, 5-1, and 5-2 on Means by November 29, 2023. Harvey must file proof of service with the Court by November 29, 2023.

Dated this 27th day of November, 2023.

Jamal N. Whitehead
United States District Judge

ORDER - 4