UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DALE HARVEY, | CASE NO. 2:23-cv-1712 |
| Petitioner, | ORDER |
| v. | |
| GARANN ROSE MEANS, | |
| Respondent. | |

At a remote status conference on January 11, 2024, the Court heard argument on Petitioner Dale Harvey's motions to clarify the Court's prior scheduling order, Dkt. Nos. 58, 59. After thoroughly considering the motions, the responses of Respondent Garann Rose Means, the relevant record, and the parties' oral arguments, the Court DENIES without prejudice Harvey's first motion for clarification and GRANTS in part his second motion for clarification.

In his first motion, Harvey asks the Court to order Means to identify the name of physicians and other medical personnel that she intends to offer at the evidentiary hearing on Harvey's petition, describe their testimony, produce written reports, provide copies of their curriculum vitae/resumes, and list the date Means

ORDER - 1

first contacted them. Dkt. No. 58 at 6-9. If she intends to rely on the testimony of medical personnel at the evidentiary hearing, Means is already obligated to provide most of the information requested as part of the parties' witness and exhibit list disclosures on January 18, 2024. Harvey may obtain other information at the evidentiary hearing on January 26, 2024, through cross-examination. Finally, not all experts are required to produce reports under Rule 26. Without knowing the identity or background of Means's prospective witnesses, the Court will not order her to produce "written reports" for all physician or medical witnesses. For these reasons and those stated at the status conference, the Court does not find good cause to expedite Harvey's first discovery requests and order responses or production before the evidentiary hearing.

In his second motion, Harvey requests that Means provide a copy of the document referred to as "Exhibit A-4, Indefinite Leave to Remain in the United Kingdom as a Victim of Domestic Violence," as well as a copy of Means's entire settlement application. Dkt. No. 59 at 7. The Court notes that the Exhibit A-4 document is already in the record. *See* Dkt. No. 49-1 at 8. To the extent Means possesses a complete copy or portions of her settlement application, she must produce copies of all non-privileged documents to Harvey's attorney, Ms. Marguerite Smith, via email by January 16, 2024. Means must produce all non-privileged settlement application documents she can obtain from her former counsel. Means need not petition the Home Office for a copy of the settlement application as any documents held by the Home Office are not within Means's possession, custody, or direct control.

ORDER - 2

Accordingly, the Court DENIES without prejudice Harvey's first motion for clarification. Dkt. No. 58. The Court GRANTS in part Harvey's second motion for clarification, Dkt. No. 59, and ORDERS Means to produce to Smith copies of all non-privileged settlement application documents in her custody by January 16, 2024.

Dated this 11th day of January, 2024.

Jamal N. Whitehead
United States District Judge