# THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| In Re the Application of : | CASE NO: 2:23-cv-1712 |
| Dale Harvey,<br>            Petitioner/Plaintiff,<br><br>v.<br><br>Garann Rose Means<br>            Respondent/Defendant. | Petitioner's Motion for Clarification and Order to Produce and Motion in Limine/Objections to Admission into Evidence |

This motion is based on all the files herein and the declaration submitted herein. Petitioner requests that his motion be heard and decided upon with regard to the clarification and order to produce before the evidentiary hearing on January 26th. (Petitioner requests production by 4:30 pm on January 23rd 2024).

If this is not done by the Court, or if the requested exhibits are not produced in a timely fashion by Respondent, the Plaintiff requests that the Court decide the motion only as a motion in limine /objections to admission into evidence, and exclude those of Respondent's new exhibit disclosures A-14 through A-32 that are objected to herein under the Motion in Limine/objections to admission into evidence.

(Petitioner reserves his rights to make further objections to admission at any time).

FLEXX LAW, P.S.
14205 SE 36th Street, Suite 100, PMB 479
Bellevue, WA 98006
(206) 343-6362
maggie@flexxlaw.com

Page 1

## FACTS AND ARGUMENT

The court made an order dated January 5th, 2024, Setting Date and related Deadlines for Final Evidentiary hearing. This, inter alia, dealt with the exchange for exhibit and witness lists and the emailing of copies of exhibits and lists to Mr. Cogswell (clearly no communications should be made to the court without copying opposing party). There appears to be some confusion as to whether the Court intended the exhibits also to be produced at the time of the exhibit and witness list or whether the Court, considering the Petitioner's argument below would order prehearing production in whole or part in the very little time available before the January 26th hearing.

The Court also made an order dated 1.11.24 denying without prejudice Petitioner's motion of clarification wherein he requested information regarding the "physicians" that respondent had previously alluded to. The Court stated at page 2 starting at line 1 that "If she intends to rely on the testimony of medical personnel at the evidentiary hearing, Means is already obligated to provide most of the information requested as part of the parties' witness and exhibit list disclosures on January 18, 2024." However, in filed document 67, her Exhibit and Witness list she refers to counseling reports, medical records, psychological assessment in A-14, A-15 (A-16 and A-17 are in the possession of Petitioner and were part of the litigation in Scotland so no objection is raised to non-disclosure of the copies of those) A-19; A-20, A-23 A-29, A-30. No mention is made of any doctor/health provider information, curriculum vitaes, or the conclusions that these reports (objected to as hearsay and the fact that live witnesses are not called) conclude.

When asked by Petitioner's counsel to produce her exhibits on January 18th (which hopefully would cure some of the mystery around them), Respondent did not produce. This is curious as, for the last continued evidentiary hearing scheduled for December 19th Respondent filed her Exhibit and Witness list and copies of all disclosed exhibits at the same time.

Page 2

FLEXX LAW, P.S.
14205 SE 36th Street, Suite 100, PMB 479
Bellevue, WA 98006
(206) 343-6362
maggie@flexxlaw.com

The Petitioner has produced his exhibit and witness lists together with copies of all exhibits to Mr. Cogswell and Respondent on January 18th 2024. Petitioner had produced the list and exhibit copies together in the same manner for the December 19th 2023 evidentiary hearing.

At 4:54 on 18th petitioner's counsel emailed Ms. Means as follows:

"Ms. Means and Mr. Cogswell:

I have not received copies of your/Respondent's exhibits. To confirm, I sent Petitioner's in my email below in the two DropBox links.

Ms. Means: Can you please clarify/rectify this situation? "

Petitioner's counsel the next day, on 19th gave Ms. Means until 5:00 pm that day to produce or a motion would be brought before the court.

It is understood that this is an expedited hearing, however surely it cannot prejudice the Respondent and can help to expedite this process if she produces the copies of the exhibits so as to give the Petitioner a chance to object to or accept them in a timely fashion. How Petitioner can bring an informed motion in limine without seeing the exhibits or even being clear on their contents is unknown. Petitioner may be prejudiced by insufficient notice of the contents of Respondent's exhibits.

Ms. Means has expressed an understanding in emails to Petitioner's counsel that only exhibits and witness lists must be produced (despite her prior production of a list and copies of exhibits for the December 19th Evidentiary hearing). Petitioner's understanding is that the order does (or should, with respect) include copies. Certainly, copies are to be produced to Mr. Cogswell (and by implication to Petitioner) pursuant to the order but the order does not state a date.

In a non-expedited matter, it is submitted that the following would govern the case: LCR16 (j) would apply as follows: "(j) Review of Exhibits Each exhibit listed in the pretrial statement of a party shall be promptly made available for inspection and copying upon request by counsel for any other party. Prior to the conference of attorneys, counsel for each party shall review every exhibit to be offered by any other party, and shall provide counsel for all other parties with a list stating

Page 3

FLEXX LAW, P.S.
14205 SE 36th Street, Suite 100, PMB 479
Bellevue, WA 98006
(206) 343-6362
maggie@flexxlaw.com

whether, as to each exhibit, the party will (1) stipulate to admissibility, (2) stipulate to authenticity but not admissibility, or (3) dispute authenticity and admissibility."

This, however, is an expedited process but, none the less, it is submitted that advance disclosure would at a minimum expedite the process and would at least lessen surprise.

Many of the Respondent's newly disclosed exhibits (A-14 through A-32) the Petitioner has not seen or is not aware of seeing. He has seen A-16 through 18 as stated above and does not need a copy of those. He also has seen, so he believes (without seeing the exhibit, it is hard to say) A-21. The others he has not seen.

Petitioner reserves what he respectfully asserts is his right to bring a motion in limine/object to admission into evidence/otherwise object after he has seen the exhibits (said motion/objections may be made at the hearing on 26th).

### CONCLUSION:

As Petitioner has not seen the exhibits and for reasons of necessary disclosures referenced above, Petitioner asks that the Court order that Ms. Means promptly (Petitioner requests that this be by 4:30 pm on January 23rd, 2024) produce the copies of the exhibits A-14 through A-15 and A-19 through A-20 and A-22 through A-32 to Petitioner.

Petitioner reserves what he respectfully asserts is his right to bring a motion in limine/object after he has seen the exhibits (said motion/objections may be made at the hearing on January 26th).

Respectfully submitted:

_____

Marguerite Smith WSBA# 16438, Attorney for Petitioner

FLEXX LAW, P.S.
14205 SE 36th Street, Suite 100, PMB 479
Bellevue, WA 98006
(206) 343-6362
maggie@flexxlaw.com

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Signed this __22__ date of __January__ 2024 at __Glasgow__ (city) __Scotland__ Country

_____/s/ Dale Harvey_____

Dale Harvey

FLEXX LAW, P.S.
14205 SE 36th Street, Suite 100, PMB 479
Bellevue, WA 98006
(206) 343-6362
maggie@flexxlaw.com