# THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| In Re the Application of : | Civil Action File No: 2:23-cv-1712 |
| Dale Harvey,<br>　　　　　Petitioner/Plaintiff,<br><br>v.<br><br>Garann Rose Means<br>　　　　　Respondent/Defendant. | FINDINGS OF FACT CONCLUSIONS OF LAW<br>(Proposed) |

## I. FINDINGS OF FACT

1. The Petitioner, a citizen of Scotland, has brought this action to secure the return of his two daughters, daughters, Z aged 6 and E aged 4 . At the time of the Petition was filed in this matter Z was 5. At the time of Petitioner's application to the United Kingdom ("U.K") Central Authority E was 3 and Z was 5.

2 The children were, without petitioner's consent or acquiescence, and in violation of Court orders from the Court in Scotland, United Kingdom ("U.K"), wrongfully removed from Scotland, and

Findings of Fact Conclusions of Law

Page  1

FLEXX LAW, P.S.
14205 SE 36th Street, Suite 100, PMB 479
Bellevue, WA 98006
(206) 343-6362
maggie@flexxlaw.com

brought to the Western District of Washington by the children's mother, Respondent/Defendant Garann Rose Means.

3. Petitioner has brought this action pursuant to the 1980 Convention on the Civil Aspects of International Child Abduction (the Hague Convention or the Convention) and the International child Abduction Remedies Act ("ICARA") for return of the children to Scotland.

4. The Petitioner and the Respondent are both the parents of the children.

5. The Petitioner and Respondent are separated and in the process of a divorce action which commenced on or about 28th April 2023 when Respondent served Petitioner.

6. At all times during the lives of the children, (until the time of the abduction of the children by Respondent which is the subject of Petitioner's Petition), the parents have resided with the children in Glasgow, Scotland, either together or, since separation, in separate dwellings.

7. Since about 11th February 2020 (before the divorce action) the parents have been in litigation in family court in Scotland concerning custody, parenting, location of schools, and access to the children.

8. In 2017 Z was born in Glasgow Scotland. A copy of the birth certificate is attached as Exhibit C to the Declaration of Dale Harvey filed with the Petition (court file document 4).

9. In 2019 E was born in Glasgow Scotland. A copy of the birth certificate is also Exhibit C to the Declaration of Dale Harvey, filed with the Petition.

10. The children attended daycare/nursery (E) and school (Z)in Glasgow Scotland at the time of their wrongful taking by the Respondent.

11. At all times during the children's lives the petitioner has continued to exercise his parental rights and maintained his relationship with the children. After the abduction by the Respondent, the Petitioner still tries to exercise said rights and relationship but is prevented by the abduction and Respondent's denial of access to the children from doing so. A copy of emails between Respondent and Petitioner are attached to the Declaration of Dale Harvey filed with the Petition EXHIBIT M and 1.

Findings of Fact Conclusions of Law

Page 2

FLEXX LAW, P.S.
14205 SE 36th Street, Suite 100, PMB 479
Bellevue, WA 98006
(206) 343-6362
maggie@flexxlaw.com

12. In February 2020 the Respondent sought a residence order and permission to relocate with the children to Seattle, from the court in Glasgow, Scotland. Judgement was issued on 12th August 2022, EXHIBIT C to the declaration of Karen Gailey filed with the Petition (court document number 2). Relocation was refused and the Petitioner and Respondent were awarded a joint residence order (50/50 residential time). This was followed by a further order of 13th September, 2022, EXHIBIT I to the said declaration of Karen Gailey. Interdict against Respondent was granted prohibiting Respondent from removing the children from stated school and nursery in Glasgow Scotland without the express consent of the father varying the August 12, 2022 "residence order" to accommodate holidays and vacations . "Otherwise the usual pattern of contact will operate in accordance with the sheriff's judgment of 12 August 2022". Respondent appealed said orders to the Sherrif appeal court in Glasgow Scotland. Her appeal was refused, see appeal order, EXHIBIT K to the declaration of Karen Gailey filed with the petition.

13. The children were wrongfully removed from Scotland by Respondent sometime between September 29th and 4th October 2023. The children were due to return to Petitioner when the school and nursery finished at 3pm on 4th October, 2023.  However, on Wednesday the 4th October, 2023 Respondent had kept the children out of school and nursery since October 2nd. Her explanation was that the children were ill.

14. At about 7:30 am on October 4th , 2023 Petitioner received an email from Respondent stating that he would not be able to collect the children that day. When the Petitioner spoke to Respondent by telephone she told him that she had taken the children to Seattle.

15. Respondent has made it clear in her telephone contact with Petitioner, her emails and online (LINKED IN) presence that, despite the various orders of the Scottish Court in relation to the children, she intends to remain with the children in Seattle.

16. At the time of Respondent's said departure from Scotland and wrongful removal of the children, numerous court hearings were scheduled in the litigation between the Respondent and Petitioner to take in the Scottish court.

17. Petitioner has never consented or acquiesced in the removal of the children's residence from Scotland, the children's habitual residence.

Findings of Fact Conclusions of Law

Page  3

FLEXX LAW, P.S.
14205 SE 36th Street, Suite 100, PMB 479
Bellevue, WA 98006
(206) 343-6362
maggie@flexxlaw.com

18. Petitioner's Request for Return for the Children was submitted to the United States Department of State through the Scottish Central Authority in the United Kingdom (UK). A copy of the Petitioner's Requests for Return, are exhibited as EXHIBIT A and B to the declaration of Dale Harvey, submitted with the petition. Accompanying documents delivered to the Department of State, are listed by Dale Harvey in his said declaration where he references them as exhibits to his declaration and the declaration of Karen Gailey, also filed with the petition.

19. The Scottish Central Authority (Scotland being part of the United Kingdom) contacted the USA Central Authority (Department of State) which offers advice to the left behind parent. The USA Central Authority has offered assistance to find the children. See copy of some of the emails between the Central Authority to Petitioner's attorney EXHIBIT Z to the declaration of Dale Harvey filed with the petition (court document 4). Petitioner asked the Respondent by email where the children were but did not receive an answer See EXHIBIT 1 to the said declaration of Dale Harvey.

20. Respondent has, to this date, not revealed the location of the children.

21. Petitioner has done all that he can to seek the return of his children to Scotland, their habitual residence.

22. The Respondent has mental health issues. She has experienced suicidal ideation in the past and after the said abduction of the children she sent an email to the petitioner stating that if she had not been able to come to Seattle, she would have committed suicide. EXHIBIT M page 10 to the declaration of Dale Harvey (court document 4). The Petitioner and his Scottish attorney Karen Gailey, have expressed concerns over the welfare of the children especially if Respondent feels desperate.

23. The Respondent has a history of litigious behavior and an unwillingness to accept orders of the court in Scotland. Her removal of the children from Scotland is in direct violation Scottish orders. See declaration of Petitioner's Scottish attorney Karen Gailey (court document #2).

24. Respondent's only defense to this action is an ill-defined allegation that returning the children to Scotland would pose a grave risk. She has challenged no other aspect of Petitioner's case.

Findings of Fact Conclusions of Law

Page 4

FLEXX LAW, P.S.
14205 SE 36th Street, Suite 100, PMB 479
Bellevue, WA 98006
(206) 343-6362
maggie@flexxlaw.com

25. Respondent has a history of inventing abuse claims against the petitioner. These claims have been found by the Scottish court to be without merit. Her case relies on allegations from her alone

26. respondent relies on her unsupported alleged events from before she left Scotland. These alleged events (with the exception of the stalking claim in Seattle when Mr. Harvey was trying to find Means for service, an activity discussed before this court to show his efforts to serve her) all took place *prior to the order of August 12th 2022 in Scotland* (court file #2-4).

That said court in Scotland found:

"……. a pattern of advancing untrue allegations about the defender." (Paragraph 89).

27. Respondent has a long history of unfounded allegations as discussed by Petitioner in his declaration submitted herein dated 1.16.24

28 Respondent is clearly dissatisfied with the decisions in Scotland against her and seeks to relitigate in Washington State. She is forum shopping.

## II. CONCLUSIONS OF LAW

1. The Hague Convention came into effect in the United States of America on July 1, 1988, and has been ratified between, among other contracting states, United States of America and United Kingdom (Scotland being part of the United Kingdom).

2. The objects of the Hague convention are:

Article 1(a): To secure the prompt return of children wrongfully removed to or retained in any Contracting State; and

Article 1(b) To ensure that rights of custody and access under the law of one Contracting State are effectively respected in other Contracting States

3. The Hague Convention authorizes a federal district court to determine the merits of a claim for the wrongful removal or retention of a child. It does not, however, permit the district court to consider the merits of any underlying custody dispute, see Article 16.

Findings of Fact Conclusions of Law

Page 5

FLEXX LAW, P.S.
14205 SE 36th Street, Suite 100, PMB 479
Bellevue, WA 98006
(206) 343-6362
maggie@flexxlaw.com

4. This Court has jurisdiction over this case pursuant to 22 USC section 9003(a) (transferred from 42 U.S.C. section 11603(a)) (jurisdiction under the Hague Convention) and 28 U.S.C section 1331 (federal question jurisdiction).

5. Venue is proper pursuant to 22 USC section 9003(transferred from 42 U.S.C. section 11603) and 28 U.S.C. section 1391(b) because the Respondent was residing with the children at or near her mother's residence in Seattle.

6. Pursuant to 22 USC section 9003(c) (transferred from 42 U.S.C. section 11603(c) ) Respondent was given notice of these proceedings in accordance with the laws governing notice in interstate child custody proceedings.  She has participated in the proceeding.

7. On or about September 29th to October 4th 2023 Respondent wrongfully removed the children within the meaning of Article 3 of the Convention and continues to wrongfully retain the children in the State of Washington, United States in violation of Article 3 of the 1980 Hague Convention.

8. The petitioner is entitled to have his children returned to Scotland which was their habitual residence at the time of the wrongful removal and remains so.

9.. Petitioner has never acquiesced or consented to the removal of the children from Scotland to the United States.

10. The Respondent's removal of the children from Scotland is in direct violation of the orders of the court in Scotland referenced above.

11. Respondent's removal and retention of the children is wrongful within the meaning of Article 3 of the Convention because:

(a)

- It is in violation of petitioner's rights of custody as established by Scottish law. See the declaration of Scottish attorney Karen Gailey filed herein at the same time as the petition.
- It is in violation of Petitioner's right as a physical custodian to determine the children's place of residence. See Hague Convention , Art. 5(a) (defining "rights of custody" under Article 3 to include "in particular, the right to determine the child's place of residence");

Findings of Fact Conclusions of Law

Page  6

FLEXX LAW, P.S.
14205 SE 36th Street, Suite 100, PMB 479
Bellevue, WA 98006
(206) 343-6362
maggie@flexxlaw.com

- It is in direct violation of the afore stated orders of the Scottish court denying Respondent's request to relocate the children's residence from Scotland to Seattle and in violation of orders relating to the location of the children's school/nursery in Scotland and pick up and drop off times and locations in Scotland. See the declaration of Scottish attorney Karen Gailey submitted with the Petition and filed herein.

(b) At the time of the children's removal from Scotland, petitioner was actually exercising his rights of custody within the meaning of Articles 3 and 5 of the Convention and, but for Respondent's removal and retention of the children, petitioner would have continued to exercise those rights;

(c ) The children were habitually resident with Petitioner is Scotland within the meaning of Article 3 of the Convention immediately before the removal and retention by Respondent.

12. Respondent continues to wrongfully retain the children in the State of Washington, United States of America.

13. The Hague Convention applies to children under sixteen years of age (16  and thus applies to both children.

14. This petition was filed less than one year from Respondent's wrongful removal of the children. Petitioner has never consented or acquiesced to respondent's wrongful removal or retention of the children.

15. Decisions relating to a child's custody are best served in the child's country of habitual residence. See Golan v Saada 142 S Ct. 1880 at page 1889:

 The Convention generally requires the "prompt return" of a child to the child's country of habitual residence when the child has been wrongfully removed to or retained in another country. Art. 1(a). This requirement ensure[s] that rights of custody and of access under the law of one Contracting State are effectively respected in the other Contracting States. Art. 1(b), See Golan v Saada 142 S Ct. 1880 at page 1889.

Findings of Fact Conclusions of Law

Page  7

1635. In the present case the rights of custody and access as adjudicated by the Scottish court should be "effectively respected" pursuant to Article 1 (b) of the 1980 Hague Convention.

17. Respondent has only raised one defense to the petitioner's Return Petition, that is, under the "grave risk" of Article 13 of the Convention. This provides a defense that " Notwithstanding the provisions of the preceding Article, the judicial or administrative authority of the requested State is not bound to order the return of the child if the person, institution or other body which opposes its return establishes that –

……………………………………..

*b)* there is a grave risk that his or her return would expose the child to physical or psychological harm

or otherwise place the child in an intolerable situation.

…………………………………

In considering the circumstances referred to in this Article, the judicial and administrative authorities shall take into account the information relating to the social background of the child provided by the Central Authority or other competent authority of the child's habitual residence.

18. In this case the alleged grave risk has been determined by the court of Scotland not to exist. Article 13 refers to taking into account the social background of the child. The court in Scotland has provided ample due process to adjudicate respondent's allegations of abuse against Petitioner including consideration of a social worker report concerning the children focused on the mother's abuse allegations. The court found the allegations to be without merit and concluded that she has a pattern of making untrue allegations against the petitioner. This court may accord comity to foreign decisions, Diorinou v. Mezitis 237 F 3d 133 (2nd Cir 2001) . This court adopts those findings of the Scottish court.

19. The burden of proof in the USA under the Convention is regulated by International Child Abduction Remedies Act (ICARA) 102 Stat. 437, as amended, 22 U.S.C. sections 9001 et seq (42 USC 11601 to 11610 have been transferred to that code citation).

Findings of Fact Conclusions of Law

Page  8

FLEXX LAW, P.S.
14205 SE 36th Street, Suite 100, PMB 479
Bellevue, WA 98006
(206) 343-6362
maggie@flexxlaw.com

20. The petitioning party need only prove by a preponderance of the evidence that the child was wrongfully removed or retained (Section 9003 (e) (1). ) The burden of proof then must be met by the respondent that return should not be ordered under one of the exceptions. If arguing grave risk this must be done by "clear and convincing evidence" (section 9003 (e) (2)(A). Absent that finding the child must be "promptly returned" to the child's country of habitual residence. (Section 9001( a) (4) ).

21. The respondent has failed to meet her burden of proof that a grave risk to the children exists if the children are returned to Scotland, their habitual residence. This court specifically finds that she is fabricating allegations. Whereas comity may be afforded to foreign decisions (the Scottish court) this court on its own analysis of the evidence has found respondent to be fabricating her allegations of abuse against the respondent.

22. This Court finds that the petitioner has met his burden of proof that the children must be returned to Scotland, their habitual residence.

23. As this court accords no credibility to respondent's allegations of abuse and grave risk, ameliorative measures (Golan v Saada 142 C.Ct 1880( 2022) need not be considered in this case.

24. A hearing to consider and award of Petitioner's expenses and costs, including, not limited to transportation costs, and hotel/motel costs, attorney fees and costs shall be resolved in a post judgment motion under Art 26 of the 1980 Hague Convention and 22 USC section 9007 **(**transferred from 42 U.S.C section 11607, consistent with the procedure outlined under Local rule 54 (d).

Findings of Fact Conclusions of Law

Page  9

FLEXX LAW, P.S.
14205 SE 36th Street, Suite 100, PMB 479
Bellevue, WA 98006
(206) 343-6362
maggie@flexxlaw.com