UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DALE HARVEY,<br><br>    Petitioner,<br><br> v.<br><br>GARANN ROSE MEANS,<br><br>    Respondent. | CASE NO. 2:23-cv-1712<br><br>ORDER ON RESPONDENT'S SECOND MOTION TO CONTINUE AND PETITIONER'S MOTION TO CLARIFY |

  At a remote hearing on January 22, 2024, the Court heard argument on Respondent Garann Rose Means's second motion to continue the evidentiary hearing on Petitioner Dale Harvey's petition for return of their children under the Hague Convention. After thoroughly considering the motion, Harvey's response, the relevant record, and the parties' arguments, the Court DENIES Means's motion and will hold the evidentiary hearing as scheduled on January 26, 2024.

  The Hague Convention expects that matters will be resolved expeditiously. *Monasky v. Taglieri*, 140 S. Ct. 719, 724 (2020). But this expectation must be balanced against the need to develop and fully consider an evidentiary record when allegations about grave harm to the children is a defense to the petition. *See Van De*

ORDER - 1

*Sande v. Van De Sande*, 431 F.3d 567, 572 (7th Cir. 2005). Means argues more time is needed for her to obtain "psychological assessments" and "medical records." Dkt. No. 68 at 2.

At the hearing, the Court asked Means to make an offer of proof about the records. In response, she confirmed that no psychological assessments have been conducted of the children; rather, she is attempting to gather copies of her own psychological assessments that document the psychological abuse she allegedly suffered during her marriage to Harvey. Means also seeks medical records about an evaluation of her daughter that occurred in April 2020. Means represented that the medical record will show that the child had spots of blood in her underwear, but Means confirms that the provider did not opine about causation. Means intends to argue that this is evidence of sexual abuse and that Harvey's explanation for the blood is not medically consistent.

The Court finds that Means will not be prejudiced if she cannot obtain or offer these records during the evidentiary hearing. To start, several courts have found that spousal abuse isn't necessarily probative of whether the children are at risk of future harm. *Charalambous v. Charalambous*, 627 F.3d 462, 468-69 (1st Cir. 2010) ("The relevant inquiry is not whether there would be a grave risk of harm to [the respondent] if she returned to Cyprus; rather, the grave risk inquiry goes to the children."). So Means's own psychological records may be irrelevant. Regardless, there are already ample psychological records in the docket speaking to Means's psychological condition. Moreover, she may testify at the hearing in her own words on this score.

ORDER - 2

Similarly, other records can establish the existence of blood in her daughter's underwear, including Means's testimony (she was present for the examination), the written statement of a social worker involved in the examination, and various records from the Scottish courts in which Means made similar arguments.

Good cause is thus absent to delay the hearing for a second time. The need to handle this case expeditiously outweighs other concerns given that Means will not be prejudiced in presenting her defense of grave risk to the children if they are returned to Scotland.

At the status conference, Means also raised the possibility of the Court conducting an *in camera* interview of the children about her allegations of sexual abuse. Given that the Court is unequipped to conduct a forensic psychological evaluation of the children, it denies Means request to conduct *in camera* interviews. The Court finds an ad hoc colloquy with the children about such serious allegations is more likely to cause the children harm than it is to provide any evidence to the proceedings not obtainable through other means. Although this Court has a duty to determine whether the facts underlying Means's grave risk defense are present, it need not conduct its own *in camera* interviews of the children without help from expert evaluators. *See Danaipour v. McLarey*, 286 F.3d 1, 26 (1st Cir. 2002) (finding evidence of abuse provided by the treating child psychologist to be credible and requiring the district court to adjudicate whether sexual abuse occurred in light of the clear and substantial claim). To date, Means has neither identified nor proposed such an expert.

The Court also considers Harvey's motion for clarification, Dkt. No. 70. As the Court explained during the hearing, the parties must exchange copies of their exhibits. The Court orders the parties to send each other copies of any exhibits not already provided within 24 hours of this order. The Court will decide at the hearing whether to strike any untimely disclosures.

Accordingly, the Court DENIES Means's second motion to continue the evidentiary hearing, Dkt. No. 68. In total, the Court reserves six hours for the evidentiary hearing to be divided equally between the parties. The Court also GRANTS in part Harvey's motion for clarification and orders the parties to exchange copies of their exhibits within 24 hours.

Dated this 22nd day of January, 2024.

Jamal N. Whitehead
United States District Judge