FILED

APR 24 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| Mr. DALE HARVEY, <br><br> Petitioner - Appellee, <br><br> v. <br><br> Ms. GARANN ROSE MEANS, <br><br> Respondent - Appellant. | No. 24-609 <br><br> D.C. No. <br> 2:23-cv-01712-JNW <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Jamal N. Whitehead, District Judge, Presiding

Submitted April 2, 2025**
Portland, Oregon

Before: BYBEE, LEE, and FORREST, Circuit Judges.

Garann Rose Means appeals a district court order granting Dale Harvey's Hague Convention petition for the return of their two children to Scotland. We have jurisdiction under 28 U.S.C. § 1291 and review the district court's decisions for abuse of discretion. *Colchester v. Lazaro*, 16 F.4th 712, 725 (9th Cir. 2021); *Davis*

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*v. Walker*, 745 F.3d 1303, 1310 (9th Cir. 2014); *Radu v. Shon*, 62 F.4th 1165, 1172 (9th Cir. 2023); *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). We affirm.

1. Means contends that the district court abused its discretion by failing to order a psychological examination of the children or by failing to grant her another continuance to obtain one. "Expert testimony from a forensic psychologist can be critical in determining whether a respondent parent's grave risk defense will succeed against a Convention petition for return." *Colchester*, 16 F.4th at 724. But a district court does not abuse its discretion by denying a psychological exam when a movant fails to make "specific, corroborated allegations of domestic violence and child abuse." *Id.* at 727.

Means failed to make a proffer to the district court that would justify ordering a psychological evaluation or, alternatively, granting a continuance for Means to obtain one. Means accused Harvey of sexually abusing their child, Z, which, if substantiated, would make the children's return to Harvey in Scotland an "intolerable situation" under the Convention. *See Golan v. Saada*, 596 U.S. 666, 680 (2022); Hague Convention on the Civil Aspects of International Child Abduction (Hague Convention) art. 13, Oct. 25, 1980, T.I.A.S. No. 11670. Means also alleged that Harvey abused her, which might also pose a grave risk to the children if true. *See Colchester*, 16 F.4th at 718. But Means acknowledged that the

Scottish authorities investigated her claims and found no evidence that Harvey abused Z. And the district court found that Means's sexual abuse allegations were "less than credible." Because Means failed to point to specific, corroborated allegations of abuse or domestic violence, we conclude that the district court did not abuse its discretion by refusing to order a psychological evaluation for the children or refusing to grant a continuance for Means to obtain one.

    2. Means asked the district court to interview the children in camera "in lieu of child psychological assessments." But in Hague Convention proceedings, courts generally use in-camera interviews to determine whether children who have "attained an age and degree of maturity at which it is appropriate to take account of [their] views" object to their own return, Hague Convention art. 13, and not to vet allegations of abuse, *cf. Gaudin v. Remis*, 415 F.3d 1028, 1037, 1037 n.3 (9th Cir. 2005), *abrogated on other grounds by Golan*, 596 U.S. at 676. The district court denied Means's request to interview the children in camera because it concluded that an interview about "such serious allegations" might do "more harm than good[.]" This was not an abuse of discretion.

    3. Although Means argues that the district court should have appointed an attorney or guardian ad litem to represent the children, she does not state that she moved for such an appointment in the district court. Therefore, Means likely forfeited this issue. But even if Means asked the district court to appoint a guardian

ad litem, Means and Harvey adequately represented the children's interests under the Hague Convention in this case. *Cf. Davis*, 745 F.3d at 1311 (finding that a district court abused its discretion by not appointing a guardian ad litem, which left an incompetent person's interests "completely unprotected"). The district court did not abuse its discretion by failing to appoint an attorney or guardian ad litem for the children.

    4. Means next argues that the three-hour limit to present her case deprived her of due process. Courts must "act expeditiously in proceedings for the return of children" and may "order the return of the child at *any time*[.]" *Radu*, 62 F.4th at 1172 (citing Hague Convention art. 11). District courts therefore have "a substantial degree of discretion in determining the procedures necessary to resolve a petition filed pursuant to the Convention." *Id.* at 1173 (citation omitted).

    Here, the district court gave Means the opportunity to submit evidence, cross-examine Harvey's witnesses, and present her own testimony, even giving her extra time to do so. The district court appropriately balanced the need for expeditious proceedings with the need to afford Means a meaningful opportunity to be heard. *See Boddie v. Connecticut*, 401 U.S. 371, 378 (1971) ("What the Constitution does require is an opportunity granted at a meaningful time and in a meaningful manner for a hearing appropriate to the nature of the case.") (citations omitted) (cleaned up).

    5. Finally, Means asserts that the district court abused its discretion by failing

to appoint an attorney to represent her.  We have "long held that there is no constitutional right to counsel in a civil case." *Adir Int'l, LLC v. Starr Indem. & Liab. Co.*, 994 F.3d 1032, 1038–39 (9th Cir. 2021) (internal quotation marks and citation omitted).  Nevertheless, a district "court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).  "The decision to appoint such counsel . . . is granted only in exceptional circumstances." *Agyeman*, 390 F.3d at 1103 (internal quotation marks and citation omitted).  Courts consider three factors when deciding whether exceptional circumstances exist: (1) the individual's ability to articulate his or her claims pro se, (2) "the complexity of the legal issues involved," and (3) "the possible merit of [the individual's] claims." *Byrd v. Maricopa Cnty. Bd. of Supervisors*, 845 F.3d 919, 925 (9th Cir. 2017).

Here, even assuming that Means was unable to afford counsel, the district court did not abuse its discretion by not appointing counsel to represent her.  Means showed that she understood the fundamental requirements of the Hague Convention by arguing that the children were not habitually resident in Scotland and by raising a grave-risk defense.  And, although the case involved the parties' children, it was otherwise straightforward because Means conceded most of the elements of Harvey's case.  Finally, Means's grave-risk defense is meritless because her

24-609

allegations of abuse were not credible.[1]

**AFFIRMED.**

---

[1] Because we affirm, we do not reach the district court's award of attorneys' fees to Harvey.