UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DALE HARVEY, | CASE NO. 2:23-cv-1712 |
| Petitioner, | ORDER GRANTING PETITIONER'S MOTION FOR ATTORNEYS' FEES ON APPEAL |
| v. | |
| GARANN ROSE MEANS, | |
| Respondent. | |

## 1.  INTRODUCTION

This matter comes before the Court on Petitioner Dale Harvey's motion for appellate attorneys' fees. Dkt. No. 124. Harvey prevailed in the district court and on appeal, and he now seeks $50,000 in appellate attorneys' fees. The Hague Convention and the International Child Abduction Remedies Act (ICARA), 22 U.S.C. §§ 9001-9011, generally require fee awards for prevailing petitioners. Means has not opposed the motion or shown that fees would be inappropriate. Thus, for the reasons explained below, the motion is GRANTED.

## 2. BACKGROUND

Harvey successfully petitioned this Court for the return of his children, Z.H.M. and E.H.M., to Scotland under the Hague Convention. After an evidentiary hearing, this Court granted Harvey's petition on January 29, 2024, and the children were immediately repatriated to Scotland. Dkt. No. 84. The Court also awarded Harvey $85,472 in trial-level attorneys' fees. Dkt. No. 120.

Means appealed this Court's decision. Dkt. No. 90. Although Means proceeded pro se in the district court, she retained experienced appellate counsel from New York who had previously litigated Hague Convention cases before the Supreme Court. Dkt. No. 124 at 3; *see also Harvey v. Means*, No. 24-609, 2025 WL 1189565, at *1 (9th Cir. Apr. 24, 2025). Harvey, who had been represented at trial by Marguerite Smith of Flexx Law, P.S., retained new appellate counsel for the appeal: Gregory M. Miller of Carney Badley Spellman, P.S., an experienced appellate attorney with over forty years of practice including Ninth Circuit appeals. Dkt. No. 124 at 3.

On April 24, 2025, the Ninth Circuit issued a memorandum decision affirming this Court's ruling in all respects. Dkt. No. 121. Harvey now seeks $50,000 in appellate attorneys' fees under 22 U.S.C. § 9007(b)(3). Dkt. No. 124 at 2. The Ninth Circuit remanded the motion to this Court to consider in the first instance. Dkt. No. 123. Harvey's appellate counsel filed a notice of appearance in this Court but Means' counsel has not appeared on her behalf. Dkt. No. 125. Notice of Harvey's motion for appellate attorneys' fees was sent to Means' personal email when the case was remanded on June 10, 2025.

ORDER GRANTING PETITIONER'S MOTION FOR ATTORNEYS' FEES ON APPEAL - 2

# 3. DISCUSSION

**3.1    Harvey is entitled to appellate attorneys' fees under ICARA.**

ICARA provides that when a court orders the return of a child under the Hague Convention, it "shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, [and] legal fees . . . unless the respondent establishes that such order would be clearly inappropriate." 22 U.S.C. § 9007(b)(3). This fee-shifting provision applies to appellate proceedings. *See Cuellar v. Joyce*, 596 F.3d 505, 511 (9th Cir. 2010). The statute's use of "shall" creates a strong presumption in favor of fee awards. *Id*. Because Harvey prevailed both in the district court and on appeal, and Means has not demonstrated that a fee award would be "clearly inappropriate," Harvey is entitled to recover his *reasonable* appellate attorneys' fees.

**3.2    The reasonableness of the fees requested.**

Having determined that Harvey is entitled to recover fees, the Court must now determine the reasonableness of the fees sought. *Sullivan v. Sullivan*, No. CV-09-545-S-BLW, 2010 WL 1651994, at *1 (D. Idaho Apr. 21, 2010) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "A reasonable attorney fee is determined by calculating the 'lodestar,' which is 'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Id.* (quoting *Hensley*, 461 U.S. at 433) (determining reasonableness of fee petition following successful petition for return of child under ICARA by applying lodestar method).

Harvey's counsel, Gregory M. Miller, requests fees totaling $50,000, which he characterizes as a reasonable reduction from the actual time expended and rates charged. According to Miller's declaration, he spent over 120 hours on the appeal at his standard rate of $525 per hour, for a total exceeding $58,000, but requests only $50,000 considering the circumstances of the parties and the nature of the case. Dkt. No. 124 ¶¶ 7–8.

### 3.2.1    Miller's hourly rate is reasonable.

"The determination of a reasonable hourly rate examines the experience, skill, and reputation of the attorney requesting fees." *Scalia v. Saakvitne*, No. CV 18-00155 SOM-WRP, 2020 WL 4193118, at *11 (D. Haw. July 21, 2020) (citing *Webb v. Ada Cnty.*, 285 F.3d 829, 840 (9th Cir. 2002)). "That rate is based on the prevailing market rate in the relevant community," which in this case is Seattle. *Id.* (citing *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010)).

Miller is a shareholder at Carney Badley Spellman with over forty years of appellate experience, including Ninth Circuit appeals and family law matters. *Id.* ¶ 9. He is peer-rated "AV" by Martindale-Hubbell. *Id.* He seeks an hourly rate of $525, which is higher than the rate this Court approved for Harvey's trial-level counsel, but it is consistent with rates for experienced appellate counsel in complex federal litigation in the Seattle market. Given Miller's extensive experience and the specialized nature of Hague Convention appeals, the Court finds the hourly rate sought to be reasonable.

### 3.2.2 The total award requested is reasonable under the circumstances.

As with the hourly rate, the party seeking fees has the "burden of showing the time spent and that it was reasonably necessary to the successful prosecution of" the case. *Frank Music Corp. v. Metro-Goldwyn-Mayer Inc.*, 886 F.2d 1545, 1557 (9th Cir. 1989). Courts may exclude hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. Although Miller's actual time exceeded 120 hours, he has voluntarily reduced his request to $50,000. This reduction accounts for several factors:

First, Harvey faced an appeal by experienced counsel who had argued Hague Convention cases before the Supreme Court, requiring a serious and thorough response to preserve the district court's well-reasoned decision. Dkt. No. 124 ¶ 3.

Second, the stakes in Hague Convention cases are particularly high, involving fundamental questions about where young children will reside and be raised. The specialized nature of international child abduction law required careful analysis of evolving precedent.

Third, while some time was spent preparing for oral argument that was ultimately cancelled, such preparation was reasonable when argument was scheduled and cannot be deemed unnecessary in hindsight.

Fourth, Miller's voluntary reduction of his request demonstrates appropriate consideration of the parties' circumstances while seeking reasonable compensation for defending a favorable district court ruling. Dkt. No. 124 ¶ 8.

Miller has provided adequate records regarding time expended, which the Court has reviewed. *Id.* at 21–30. The Court finds the $50,000 amount sought appropriate under the circumstances.

### 3.2.3   Means has not shown that fees would be inappropriate.

Means has not opposed this motion or demonstrated that a fee award would be clearly inappropriate. This Court previously considered and rejected Means's arguments about her financial circumstances when awarding trial-level fees. *See* Dkt. No. 120 at 3–5. Nothing in the record suggests those circumstances have materially changed or that an appellate fee award would be inappropriate.

## 4.  CONCLUSION

In sum, because Miller's request is reasonable given his experience and the complexity of the appeal, the motion is GRANTED. Means must pay Harvey $50,000 in appellate attorneys' fees within 30 days of this order.

Dated this 25th day of August, 2025.

Jamal N. Whitehead
United States District Judge